UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BOSTON REDEVELOPMENT AUTHORITY, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 14-12990-PBS |
| v. | ) ) ) | |
| NATIONAL PARK SERVICE and SALLY JEWELL, *Secretary of the Interior*, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
COUNTS V AND VI FOR LACK OF JURISDICTION**

Boston Redevelopment Authority has sued the National Park Service and Secretary of the Interior Sally Jewell concerning a boundary dispute on Long Wharf in Boston. For the reasons stated below, the Court should dismiss Counts V (Action to Quiet Title under MGL c. 240, §§ 6-10) and VI (Slander of Title) for lack of subject matter jurisdiction.

**STATUTORY BACKGROUND**

The Land and Water Conservation Fund ("LWCF") Act of 1965 is codified at 16 U.S.C. §§ 460*l*-4 through 460*l*-11.

> The purposes of [this statute] are to assist in preserving, developing, and assuring accessibility to all citizens of the United States of America of present and future generations and visitors who are lawfully present within the boundaries of the United States of America such quality and quantity of outdoor recreation resources as may be available and are necessary and desirable for individual active participation in such recreation and to strengthen the health and vitality of the citizens of the United States by (1) providing funds for and authorizing Federal assistance to the States in planning, acquisition, and development of needed land and water areas and facilities and (2) providing funds for the Federal acquisition and development of certain lands and other areas.

Id. § 460*l*-4.  Under the statute, the Secretary of the Interior "is authorized to provide financial assistance to the States from moneys available for State purposes …, subject to such terms and conditions as [s]he considers appropriate and in the public interest to carry out the purposes of this [statute], for outdoor recreation: (1) planning, (2) acquisition of land, waters, or interests in land or waters, or (3) development."  Id. 460*l*-8(a).  A "core compliance provision" of grants made under this statute, Brooklyn Heights Ass'n, Inc. v. Nat'l Park Serv., 777 F. Supp. 2d 424, 426 (E.D.N.Y. 2011), is set forth in Section 6(f)(3), which reads in relevant part:

> No property acquired or developed with assistance under this section shall, without the approval of the Secretary [of the Interior], be converted to other than public outdoor recreation uses. The Secretary shall approve such conversion only if [s]he finds it to be in accord with the then existing comprehensive statewide outdoor recreation plan and only upon such conditions as [s]he deems necessary to assure the substitution of other recreation properties of at least equal fair market value and of reasonably equivalent usefulness and location….

16 U.S.C. § 460*l*-8(f)(3).  "Section 6(f)(3), in short, ensures that once a property is assisted by an LWCF grant, it shall be preserved in perpetuity for public outdoor recreational use – or replaced by a substitute property of equal value, usefulness, and location."  Brooklyn Heights Ass'n, 777 F. Supp. 2d at 427.

## FACTUAL ALLEGATIONS

In 1981, the National Park Service awarded an LWCF grant to the Boston Redevelopment Authority to improve Long Wharf.  Comp. ¶¶ 17-18.  The grant came with the Section 6(f)(3) restriction described above.  Id. ¶ 36.  That is, the portion of Long Wharf to which the grant applies must be preserved for public outdoor recreational use (or replaced by a substitute property of equal value, usefulness, and location).

The dispute in this case concerns how much of the seaward tip of Long Wharf falls under the Section 6(f)(3) restriction.  On the one hand, Defendants contend that the entire seaward tip

falls under the restriction.  Defendants rely on the map and the metes-and-bounds description attached to the Complaint as Exhibits 6 and 7, both of which were submitted to the National Park Service in support of the 1981 grant application.  Boston Redevelopment Authority, on the other hand, contends that the open-sided pavilion which currently stands on a portion of the seaward tip falls outside the Section 6(f)(3) restriction, and therefore may be converted into a restaurant without any requirement of providing substitute property of equal value, usefulness, and location.  See id. ¶¶ 24-32.

The Complaint contains six counts.  Count I seeks a declaratory judgment regarding the exact Section 6(f)(3) boundary.  In Count II, Boston Redevelopment Authority avers that Defendants are judicially estopped from asserting that the Section 6(f)(3) boundary includes the pavilion.  In Counts III and IV, Boston Redevelopment Authority alleges that the National Park Service has violated Section 6(f) of the LWCF Act and the Administrative Procedure Act, respectively.  Count V is a claim to Quiet Title under MGL c. 240, §§ 6-10.  In Count VI, titled "Slander of Title," Boston Redevelopment Authority alleges that the National Park Service made a "false written statement in disparagement of the BRA's title to its real property at Long Wharf," causing the BRA "injury and pecuniary loss."  Comp. ¶ 97.

## ARGUMENT

It is axiomatic that no claim can lie against the United States or any federal officer or agency unless the government has waived its sovereign immunity, such that a court has subject matter jurisdiction over the claim.  See United States v. Mitchell, 445 U.S. 535, 538 (1980); FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Subject matter jurisdiction is established only if the government has expressly consented to suit.  See Mitchell, 445 U.S. at 538.  A waiver of sovereign immunity "must be unequivocally expressed in the statutory text ... and will not be

implied." Lane v. Pena, 518 U.S. 187, 192 (1996).  Plaintiff has the burden of proving that jurisdiction exists.  Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007).

The Court should dismiss Count V for lack of jurisdiction because Chapter 240 of Massachusetts General Laws does not contain a waiver of sovereign immunity for claims against a federal agency or officer.  Nor could it, since the Massachusetts Legislature is not empowered to waive federal sovereign immunity.  "[O]nly Congress may waive that immunity …."  Portsmouth Ambulance, Inc. v. United States, 756 F.3d 494, 498 (6th Cir. 2014).

The Court also should dismiss Count VI (Slander of Title) for lack of jurisdiction.  Although the Federal Tort Claims Act ("FTCA") waives sovereign immunity for some torts against federal agencies and officers, slander is not one of them.  See 28 U.S.C. § 2680(h); e.g., Davric Me. Corp. v. U.S. Postal Serv., 238 F.3d 58, 62 & n.6 (1st Cir. 2001).  Moreover, even if the FTCA did waive sovereign immunity for "slander of title" claims, Boston Redevelopment Authority has not alleged that it exhausted its administrative remedies under the FTCA, as required before filing suit.  See 28 U.S.C. § 2401(b); e.g., Sanchez v. United States, 740 F.3d 47, 50 & n.6 (1st Cir. 2014).  This is a fatal flaw, because jurisdiction must be apparent from the face of the Complaint.  See PCS 2000 L.P. v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998).

## CONCLUSION

For these reasons, the Court should dismiss Counts V and VI with prejudice.

                        Respectfully submitted,

                        NATIONAL PARK SERVICE and
                        SALLY JEWELL, Secretary of the Interior

                        By their attorney,

                        CARMEN M. ORTIZ
                        United States Attorney

By: */s/ Christine J. Wichers*
     Christine J. Wichers
     Assistant U.S. Attorney
     One Courthouse Way
     Boston, MA 02210
     (617) 748-3278
     christine.wichers@usdoj.gov

Dated: September 15, 2014

**Certificate of Service**

     I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on September 15, 2014.

                        */s/ Christine J. Wichers*
                        Christine J. Wichers