UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON REDEVELOPMENT AUTHORITY,<br><br>              Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE and<br>SALLY JEWELL, *Secretary of the Interior*,<br><br>              Defendants. | C.A. No. 14-12990-PBS |

## ANSWER TO COUNTS I-IV OF THE COMPLAINT

Defendants answer the numbered paragraphs of the Complaint relating to Counts I-IV as follows.  (Defendants' motion to dismiss Counts V and VI for lack of jurisdiction is pending.)

### JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

### PARTIES

4. Admitted.

5. Admitted.

6. Admitted.

### FACTS

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Denied.

19. Denied.

20. Denied.

21. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 21 of the Complaint.

22. Admitted.

23. Denied.

24. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 of the Complaint.

25. Admitted.

26. Denied.

27. Admitted.

28. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 32 of the Complaint.

33. Denied.

34. Denied.

35. Denied.

36. Admitted.

37. Denied.

38. Denied.

39. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants lack knowledge or information sufficient to admit or deny Plaintiff's allegation about what DCS determined.  Defendants deny the remaining allegations contained in paragraph 41 of the Complaint.

42. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 42 of the Complaint.

43. Denied.

44. Denied.

45. Denied.

46. Defendants admit that MassDEP issued a Chapter 91 license for the project in January 2010.  Defendants deny the remaining allegations contained in paragraph 46 of the Complaint.

47. Defendants admit the allegations contained in the first sentence of paragraph 47 of the Complaint.  Defendants lack knowledge or information sufficient to admit or deny allegations about what was in the administrative record.

48. Admitted.

49. Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint states a legal conclusion to which no response is required.  Furthermore, the SJC's ruling speaks for itself.

51. Denied.  Furthermore, the SJC's ruling speaks for itself.

52. Denied.

53. Defendants deny that NPS certified the LWCF grant boundary in 2009, or that Jack Howard or anyone else at NPS approved any such alleged certification.  Defendants admit the remaining allegations contained in paragraph 53 of the Complaint, although Exhibit 6 is more than a "rough sketch"; it is the map that the Commonwealth submitted with its LWCF grant application.

54. Defendants admit that a member of the public contacted NPS official Jack Howard and requested a copy of the map in the LWCF grant file, and that Mr. Howard produced

a copy of the map (Exhibit 6 to the Complaint) in response to the request. Defendants lack knowledge or information about whether the requestor was among the plaintiffs in the citizens group that filed the <u>Mahajan</u> lawsuit. Defendants deny the remaining allegations contained in paragraph 54 of the Complaint.

55.	Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 55 of the Complaint.

56.	Denied.

57.	Denied.

58.	Denied.

59.	Defendants admit that one or more plaintiffs in <u>Mahajan</u> have contacted NPS official Jack Howard, requesting documents defining the 6(f) boundary on Long Wharf, and that Mr. Howard has responded by sending copies of the map contained in the grant file (Exhibit 6 to the Complaint) and the metes and bounds description contained in the grant file (Exhibit 7 to the Complaint). Defendants admit that such communication occurred sometime within the last year, possibly in January 2014.

60.	Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 60 of the Complaint.

61.	Defendants lack knowledge or information sufficient to admit or deny the allegations contained in paragraph 61 of the Complaint.

62.	Denied.

63.	Denied.

64.	Denied.

65. Paragraph 65 of the Complaint states a legal conclusion to which no response is required. Moreover, the Superior Court's ruling speaks for itself.

66. Denied.

67. Denied.

68. Denied.

## CLAIMS FOR RELIEF

### Count I
### Declaratory Judgment

69. Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

70. Admitted.

71. Defendants deny that NPS certified the Section 6(f) boundary on Long Wharf in 2009, and therefore deny the allegations contained in paragraph 71 of the Complaint.

72. Denied.

73. Denied.

74. Admitted.

### Count II
### Judicial Estoppel

75. Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

76. Paragraph 76 of the Complaint states a legal conclusion to which no response is required.

77. Denied.

78. Defendants lack knowledge or information sufficient to admit or deny the extent of BRA's reliance.  Defendants admit that NPS has not been misleading.  Defendants deny the remaining allegations contained in paragraph 78 of the Complaint.

79. Defendants deny that the SJC relied on any 2009 certification by NPS, because NPS did not make any such certification.  Moreover, the SJC's ruling speaks for itself.

80. Denied.

81. Denied.

82. Denied.

## Count III
### Violation of Section 6(f) of the Land and Water Conservation Fund Act

83. Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## Count IV
### Violation of the Administrative Procedures Act

88. Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

89. Denied.

90. Denied.

## Count V
### Action to Quiet Title (M.G.L. Chapter 240 §§ 6-10)

91. Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

92. No response is required because Defendants' motion to dismiss Count V is pending.

93. No response is required because Defendants' motion to dismiss Count V is pending.

94. No response is required because Defendants' motion to dismiss Count V is pending.

## Count VI
### Slander of Title

95. Defendants incorporate by reference their responses to the previous paragraphs of the Complaint as if fully set forth herein.

96. No response is required because Defendants' motion to dismiss Count VI is pending.

97. No response is required because Defendants' motion to dismiss Count VI is pending.

98. No response is required because Defendants' motion to dismiss Count VI is pending.

## AFFIRMATIVE DEFENSES

1. BRA is estopped from arguing that the 6(f) restriction does not apply to the entire seaward tip of Long Wharf, including the pavilion and surrounding area, because the Commonwealth supported its LWCF grant application in or about 1980 with the map attached as

Exhibit 6 to the Complaint and the metes-and-bounds description attached as Exhibit 7 to the Complaint.

    WHEREFORE, Defendants respectfully request that the Complaint be dismissed, and for such other relief as the Court may find just and proper.

                  Respectfully submitted,

                  NATIONAL PARK SERVICE and
                  SALLY JEWELL, Secretary of the Interior

                  By their attorney,

                  CARMEN M. ORTIZ
                  United States Attorney

            By:  */s/ Christine J. Wichers*
                  Christine J. Wichers
                  Assistant U.S. Attorney
                  One Courthouse Way
                  Boston, MA 02210
                  (617) 748-3278
                  Christine.wichers@usdoj.gov

Dated: September 16, 2014

### Certificate of Service

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants, on September 16, 2014.

                  */s/ Christine J. Wichers*
                  Christine J. Wichers